Lewis CASPE and Bernice Caspe, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 82–1373–SI.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1982.

Decided Dec. 10, 1982.

John D. Shors, Frank J. Carroll, Steven L. Nelson, Des Moines, Iowa, for plaintiffs-appellants Lewis and Bernice Caspe; Davis,

Hockenberg, Wine, Brown & Koehn, Des Moines, Iowa, of counsel.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, Stanley S. Shaw, Jr., Attys. Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee; Richard C. Turner, U.S. Atty., Des Moines, Iowa, of counsel.

Before HEANEY and GIBSON, Circuit Judges, and DUMBAULD, Senior District Judge.*

DUMBAULD, Senior District Judge.

Appellants seek a tax refund, contending that securities which they purchased on November 30, 1972, and sold on May 31, 1973, were held for more than six months so as to result in long term capital gain under 26 U.S.C. § 1222(3) as in force at the relevant time. The trial court granted appellee's motion for summary judgment. We affirm.

The pertinent section of the Internal Revenue Code then read:

> The term "long-term capital gain" means gain from the sale or exchange of a capital asset *held for more than six months,* if and to the extent such gain is taken into account in computing gross income.[1] (Italics supplied)

It is thus clear that to obtain long-term gain the asset must be held for *more* than six months. Holding for six months *simpliciter* does not suffice. It is also conceded by appellants that in computing this period the unit is a month (not days or weeks).

The fact that the asset was acquired in the case at bar on the last day of the month facilitates computation. The first month following acquisition of the property was the month of December, 1972. The second month was January, 1973. The third month was February; the fourth March; the fifth April, and the six month period concluded with the sixth month, May, 1973, that is to say, on May 31, 1973. On the following day, June 1, 1973, the property would have been held *more* than six months.

If appellants had waited one day longer, until June 1, 1973, before selling, they would have satisfied the requirement that the asset be held "for *more* than six months." But having sold on the preceding day, they did not qualify for long-term capital gain treatment.

This disposes of the case at bar, where the purchase was made on the last day of a calendar month. If a purchase is made on a date not the last day of a month, there are additional calculations to be made. In that case the general rule applies, as is set forth *e.g.* in Rule 6(a) FRCP that "In computing any period of time...the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included..." Internal Revenue Ruling 66–7 relied on by appellee follows the same procedure. The case law to the same effect is thoroughly reviewed in the opinion below of Judge Harold D. Vietor, and need not be repeated here.

Accordingly the judgment of the District Court is

AFFIRMED

---

\* The Honorable Edward Dumbauld, U.S. Senior District Judge of the Western District of Pennsylvania, sitting by designation.

1. The current holding period is "more than 1 year," effective with respect to taxable years beginning after December 31, 1977.